UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24560-CV-CANNON
MAGISTRATE JUDGE REID

CRUZ FLORES PENA,

    Petitioner,

v.

DIRECTOR MICHAEL MEADE
ERO MIAMI FIELD OFFICE
IMMIGRATIONS AND CUSTOMS
ENFORCEMENT (ICE), et al.,

    Respondents.
_____/

## REPORT OF MAGISTRATE JUDGE

THIS CAUSE came before the Court upon Petitioner's Verified Petition for Writ of Habeas Corpus, APA Judicial Review, and Declaratory Relief. [ECF No.1]. Petitioner brings this cause of action against Director Michael Meade, ERO Miami Field Office, Immigration and Custom Enforcement ("ICE"), and Acting Secretary Chad Wolf, U.S. Department of Homeland Security ("DHS"). [*Id*.].

Petitioner, **Cruz Flores Pena**, is a forty-nine year old native and citizen of Honduras, and has been living in the United States for twenty-eight years. [*Id*. at 1]. He is currently detained at Krome Detention Center and is at imminent risk of removal from the United States, pursuant to a removal order. [*Id*.]. Petitioner requests that the Court assume jurisdiction over this matter, declare pursuant to the Court authority under 28 U.S.C. § 2201 that effectuating Petitioner's removal from the United States prior to the denial of his Forms I-212 and I-601A and while he has an approved

I-130 Petition for Alien Relative, would violate his regulatory, statutory, and due process rights, U.S. Const. Amend. V., and is arbitrary and capricious under the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A). [*Id*. at 7-8]. In summary, Alien Petitioner, seeks a stay of removal of his valid, final order of removal from the United States pending his provisional waiver application process. *See* [ECF Nos. 1, 14]. Petitioner has not contested the validity of the final removal order. [ECF No. 12 at 6].

Respondents have moved to dismiss the Petition for lack of subject matter jurisdiction under 8 U.S.C. § 1252(g) or 8 U.S.C. § 1252(a)(5), or, alternatively, for failure to state a claim. *See* [ECF No. 12]. Petitioner filed a Reply in rebuttal to Respondents' argument and, in addition to requesting a stay of his removal, also requested that the Court hold that his continued detention is unlawful, order him released from custody; or in the alternative, set a reasonable bond pending resolution of his provisional unlawful presence waiver. [ECF No. 14 at 13].

Accordingly, upon review of the Petition, Responses, and Reply, and in accordance with *Camarena v. Director*, No. 19-13446, 2019 U.S. App. LEXIS 28724, Order Staying Removal Pending Appeal (11th Cir. Sept. 23, 2019), and cases in this District, the Court **RECOMMENDS** that this case and Petitioner's removal be **STAYED** pending the Eleventh Circuit's decision on the merits in *Camarena v. Director*, No. 19-13446 (11th Cir. 2019). Within seven days of a decision in that case, the Parties shall file a notice with the Court and this matter will be reopened. It is further **RECOMMENDED** that this case be administratively closed.

## I. Relevant Procedural History

On November 5, 2020, Petitioner filed his Petition. [ECF No. 1]. Petitioner also filed an Emergency Motion for Temporary Restraining Order ("TRO") requesting that the Court enjoin ICE from removing/deporting him from the United States and transferring him from this

jurisdiction prior to adjudication of his Form I-212, application for permission to reapply for admission into the United States after deportation or removal, or his I-601A application for provisional waiver unlawful presence waiver. [ECF No. 4 at 8]. On November 6, 2020, the Presiding District Court Judge[1] entered an Order Granting TRO and referring this case to the Undersigned pursuant to 28 U.S.C. § 636, and the Magistrate Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action with respect to the Petition, the Motion, or this Order, including any hearing and any motions for extension or enlargement of time. [ECF No. 6 at 5]. It was further ordered that ICE and/or the DHS shall not remove or deport Petitioner prior to the disposition of this Petition. [*Id*.].

The Order Granting TRO was set to expire fourteen days from the issuance of the Order. [ECF No. 6 at 5]. The Undersigned entered an Order Granting Unopposed Motion to Extend Time to Respond to Petition and Reply and extending the expiration of the Temporary Restraining Order until December 3, 2020. [ECF No. 10 at 1].

On November 20, 2020, Respondents filed their Response. [ECF No. 12], and on November 30, 2020, Petitioner filed his Reply. [ECF No. 14]. On December 2, 2020, Respondents filed a further Response. [ECF No. 15].

## II. Background

Petitioner entered the United States illegally on November 1, 1992. [ECF Nos. 1 at 5 ¶ 13; 1-9]. DHS subsequently placed Petitioner in removal proceedings before the Executive Office for Immigration Review ("EOIR"). [ECF No. 1-9]. An Immigration Judge at the Miami Immigration Court ordered Petitioner removed from the United States on September 30, 2014. [*Id*.]. The appeal of Petitioner's removal order was dismissed in July 2016. [*Id*. at 4].

---

[1] This Case has been reassigned to United States District Court Judge Aileen M. Cannon. [ECF No. 13].

On February 26, 2018, U.S. Citizenship and Immigration Services approved Form I-130, Petition for Alien Relative submitted by Petitioner's United States Citizen ("USC") daughter, Ashley Beatriz Flores on his behalf. [ECF No. 1-6]. Petitioner's wife, Isidra Sagastizado Vijil, became a Legal Permanent Resident ("LPR") on September 28, 2018. [ECF No. 1-7].

On October 27, 2020, Petitioner filed an I-212, Application for Permission to Reapply for Admission into the United States after Deportation or Removal pursuant to INA § 1182(a)(9)(A)(iii). [ECF No. 1-8]. This application remains pending. [*Id.*]. Upon approval of the I-212 Form, Petitioner will be prima facie eligible to submit his Form I-601A, Application for Provisional Waiver Unlawful Presence Waiver to waive his unlawful presence in the United States pursuant to 8 C.F.R. § 212.7(e) on the basis of the extreme hardship his LPR spouse would suffer should the couple be separated. [ECF No. 1 ¶ 18]. Petitioner was recently detained by ICE and is at imminent risk of removal from the United states. [*Id.* ¶ 19].

Petitioner has appealed the unfavorable decision rendered by EOR and moved to reopen his proceedings in light of his wife's recent change in immigration status. [ECF No. 1 at 6 ¶ 24]. He asserts that he has diligently pursued all options to rectify his immigration status. [*Id.*]. He has provided for his daughters and developed community ties in the United States. [*Id*].

### III. Provisional Waiver Process

Under 8 C.F.R. § 212.7(e), the provisional waiver process allows certain immigrant visa applicants, like Petitioner, who are relatives of United States citizens or lawful permanent residents to request a *provisional waiver of the unlawful presence grounds of inadmissibility* under the Immigration and Nationality Act. 8 C.F.R. § 212.7(e) (emphasis added).

While some foreign nationals may apply for permanent residency while inside the United States through a process called "adjustment of status" pursuant to 8 U.S.C. § 1255(a), others, like

4

Petitioner, are ineligible for adjustment of status because they have already been ordered removed. *See* 8 U.S.C. §§ 1153, 2254, 2303. These foreign nationals may only obtain permanent residency by departing the United States and undergoing "consular processing" in their home countries. *Id*.

Those foreign nationals who depart the United States after remaining in the county unlawfully for too long a period are considered to have accrued "unlawful presence" in the United States and become subject to a three- or ten-year bar on admissibility. *See* 8 U.S.C. § 1182(a)(9)(B). Because Petitioner has been unlawfully present for more than one year, he is subject to a ten-year bar on admissibility. *Id*. Bars on admissibility are triggered when an alien departs the United States. *Id*. An alien who remains "inadmissible" is ineligible to receive a visa to be admitted to the United States as a lawful permanent resident. 8 U.S.C. § 1182(a). This inadmissibility may be waived by the Secretary of Homeland Security's consent to reapply for admission, 8 U.S.C. § 1182(a)(9)(A)(iii), but the waiver application process can take well over a year, 78 Fed. Reg. 536-01, 536 (Jan. 3, 2013). Prior to 2013, an alien who wanted to seek lawful permanent resident status and apply for this waiver of admissibility was first required to depart from the United States. *Id.*

However, in 2013, DHS promulgated a rule "to allow certain immediate relatives of U.S. Citizens who are physically present in the United States to request, [as Petitioner seeks here], provisional unlawful presence waivers prior to departing from the United States for consular processing of their immigrant visa applications." 78 Fed. Reg. 536-01, 536 (Jan. 3, 2013). The rule was expressly promulgated to "significantly reduce the time that U.S. citizens are separated from their immediate relatives," *id.*, and to "encourage immediate relatives who are unlawfully present to initiate actions to obtain an immigrant visa to become [lawful permanent residents]," *id.* at 567. In 2016, DHS promulgated another rule extending eligibility for these provisional unlawful presence waivers to aliens with final removal orders. 81 Fed. Reg. 50244 (July 29, 2016).

The process requires first filing a Form I-130, which establishes a qualifying relationship to a United States citizen. 78 Fed. Reg. 536-01 at 547–48. After the Form I-130 is approved, the individual must file a Form I-212, which requests a waiver of inadmissibility and, pursuant to 8 C.F.R. § 212.2(j), can be conditionally approved while the individual remains in the United States. *Id.* Once the I-212 is conditionally approved, the individual must complete Form I-601A, an application for a provisional unlawful presence waiver. *Id.*; *see also* 8 C.F.R. § 212.7(e)(4)(iv). Once the waiver is approved, the individual departs from the United States to obtain the immigrant visa through the consular processing procedure, thereby executing the prior removal order. *See* 8 U.S.C. § 1101(g).

Notably, neither the provisional waiver process implemented in 2013, nor the extension of that process to individuals with a final removal order in 2016, displaced the "old" system that was in place to provide relief to such individuals prior to 2013. [ECF No. 12 at 6]. Under the old system, which is still fully operational, the alien must leave this country, thus triggering the three- or ten-year inadmissibility bar, report for consular processing in their home country, and apply for a waiver of grounds of inadmissibility using Form I-601. [*Id.*]. If waiver is granted, and the individual is issued an immigrant visa, the individual may return to the United States a lawful permanent resident. [*Id.*].

The Government contends that if Petitioner is removed, he may apply for a provisional waiver under I-601 and will end up in the substantially same position as if he had sought an I-**601A** waiver before leaving the United States. [ECF No. 12 at 22] (emphasis added). However, the **I-601A** waiver, which Petitioner seeks here, was designed to reduce the time that "applicants are separated from their U.S. citizen of LPR family members." 81 Fed. Reg. at 50, 244. This waiver is only available to individuals who are present in the United States at the time of filing the I**-601A**

6

application. 8 C.F.R. § 212.7(e)(3). Therefore, Petitioner asserts that if he is removed to Honduras prior to being able to complete this waiver-**I601A** application, it is likely that he will not be able to return to the United States in the near future and would be stripped of the regulatory and due process right of applying for his I-601A Application for Provisional Waiver Unlawful Presence Waiver pursuant to 8 C.F.R. § 212.7(e). [ECF No. 4 at 7].

### IV. Discussion

Petitioner seeks an order staying his removal until he exhausts his right to pursue a provisional unlawful presence waiver, an initial step towards his immigrant status regularization. He contends that his impending removal violates his due process rights and the APA because the impending removal interferes with his opportunity to seek the waiver. Respondent contends, however, that the Court lacks jurisdiction to review Petitioner's claims. Respondents also challenge the merits of the claims.

A. <u>Subject Matter Jurisdiction</u>

The Court must first consider whether it has jurisdiction to adjudicate Petitioner's challenges. Respondent contends that 8 U.S.C. § 1252(g) divests the Court of jurisdiction because Petitioner is purportedly challenging the Attorney General's execution of his removal order. [ECF No. 12 at 8-13]. Petitioner, however, claims that he "has a *right to seek access* to a lawful regulatory process that the DHS makes available to people in his precise position, and seeks review of ICE's legal authority in executing an order of removal notwithstanding his right." [ECF No. 14 at 2].

> Section 1252(g), provides that:
>
> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the

7

>decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g).

"This provision was intended to limit attempts to impose judicial constraints upon the exercise of prosecutorial discretion." *Camarena v. Director*, No. 19-13446, 2019 U.S. App. LEXIS 28724, at *8, Order Staying Removal Pending Appeal (11th Cir. Sept. 23, 2019) (citing *Reno v. Am.-Arab Anti-Discrimination* Comm. ("*AAADC*"), 525 U.S. 471, 485 n.9 (1999)). In *AAADC*, the Supreme Court construed § 1252(g) narrowly as applying only to three discrete discretionary actions that the Attorney General may take: (1) commencing proceedings; (2) adjudicating cases; or (3) executing removal orders. *See Tefel v. Reno*, 180 F.3d 1286, 1298 (11th Cir. 1999) (citing *AAADC*, 525 U.S. at 482). Although § 1252(g) bars the federal courts from reviewing these discretionary acts, "it does not proscribe substantive review of the underlying legal bases for those discretionary decisions and actions." *Madu v. U.S. Atty. Gen.,* 470 F.3d 1362, 1368 (11th Cir. 2006)).

The Eleventh Circuit Court of Appeals in *Camarena*, in an Order Staying the Petitioner's Removal Pending Appeal, for the first time directly addressed this issue of jurisdiction under similar facts. The Eleventh Circuit concluded that district courts are not barred by 8 U.S.C. § 1252(g) from granting a stay of removal and/or temporary injunction enjoining ICE from enforcing an order of removal while a petitioner completes his provisional waiver application process. *Camarena*, 2019 U.S. App. LEXIS 28724. Here, as in *Camarena*, Petitioner asks "the District Court to determine whether the Fifth Amendment Due Process Clause and the APA, 5 U.S.C. § 706(2)(A), allow DHS to exercise its discretion in a way which would prevent [him] from availing [himself] of the provisional waiver process, in violation of DHS's own regulations." 2019 U.S. App. LEXIS 28724, *9-10; *see also United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260,

265, 268 (1954) (holding that, when a government agency promulgates "regulations with the force and effect of law," the agency must follow its own "existing valid regulations") (footnotes omitted)). Petitioner's challenge is a "challenge to ICE's legal authority to exercise its discretion, not the exercise of discretion itself, and as such is not barred by 8 U.S.C. § 1252(g)." *Camarena*, 2019 U.S. App. LEXIS 28724, *9-10; *see also Calderon v. Sessions*, 330 F. Supp. 3d 944, 954 (S.D.N.Y. 2018); *De Jesus Martinez v. Neilsen*, 341 F. Supp. 3d 400, 407-08 (D.N.J. 2018).

After *Camarena*, in *Karr v. Field Office Dir.*, No. 20-11144-BB, 2020 U.S. App. LEXIS 14506 (11th Cir. May 6, 2020), the Eleventh Circuit granted an emergency motion for stay pending appeal and again stayed removal during the pendency of a petitioner's provisional waiver application. Further, in *Ferron-Ferri v. Meade*, No. 20-20965-CIV, 2020 WL 1909977, at *1 (S.D. Fla. Apr. 20, 2020), *order vacated, appeal dismissed sub nom. Ferron-Ferri v. Field Office Dir., Miami Field Office, U.S. Immigration & Customs Enf't*, No. 20-11492-H, 2020 WL 4199582 (11th Cir. May 21, 2020),[2] this district court followed *Camarena*. Specifically, in *Ferron-Ferri,* the Court found that petitioners "strategically framed their petition as 'challeng[ing] ICE's legal authority to exercise its discretion, not the exercise of discretion itself[,]'" and therefore, the court had jurisdiction. 2020 WL 4199582, at *1 (quoting *Camarena*, 2019 U.S. App. LEXIS 28724).

Finally, there are multiple cases within this district where the court has granted a stay of removal pending a petitioner's provisional waiver application process. *See* Order, *Lopez Moreno v. Wolf*, No. 2:19-cv-14488-DMM (S.D. Fla. Jan. 3, 2020) [ECF No. 20] (granting parties' joint

---

[2] In *Ferron-Ferri v. Meade*, No. 20-20965-CIV, 2020 WL 1909977, at *1 (S.D. Fla. Apr. 20, 2020), *order vacated, appeal dismissed sub nom. Ferron-Ferri v. Field Office Dir., Miami Field Office, U.S. Immigration & Customs Enf"t*, No. 20-11492-H, 2020 WL 4199582 (11th Cir. May 21, 2020), a stay was not granted because of petitioner's undisputed status as a visa waiver program overstay, and the order was vacated as moot solely because ICE denied petitioner's application for adjustment of status. *See* Order Dismissing Case, *Ferron-Ferri v. Meade*, No. 20-20965-CIV (11th Cir. May 21, 2020) [ECF No. 29]. However, in *Ferron-Ferrari*, 2020 WL 1909977, at *1, the court followed the proposition that the court had jurisdiction in accordance with *Camarena*.

motion to stay pending petitioner's provisional waiver application in accordance with petitioner's receipt of temporary administrative stay of removal); *see also* Order Granting Plaintiff's Emergency TRO, *Gueto v. Wolf*, No. 20-60058-RAR (S.D. Fla. Jan 13, 2020) [ECF No. 7] (granting plaintiff's emergency motion for TRO and enjoining defendants from instituting removal proceedings while provisional waiver process was ongoing); Paperless Order Staying Removal, *Lopez v. Castanon v. USCIS*, No. 19-23632-KMW (S.D. Fla. May 12, 2020) [ECF No. 36] (staying case "pending the Eleventh Circuit's decision in *Camarena v. Director*, No. 19-13446 (11th Cir. 2019) and *Barrios v. Acting Sec'y of the Dept. of Homeland Security*, No. 19-14331 (11th Cir. 2020), which have been consolidated on appeal).

Here, Petitioner does not challenge ICE's prosecutorial discretion. Rather, Petitioner challenges ICE's *legal authority* to exercise its discretion in removing him before he has had a chance to avail himself of the provisional waiver process subscribed in 8 C.F.R. § 212.7(e), made available by the DHS. Therefore, the Court's review of ICE's legal authority is not foreclosed by 8 U.S.C. § 1252(g). *See Calderon*, 330 F. Supp. 3d at 954.

B. <u>Stay of Removal</u>

With respect to whether Petitioner's request for a stay of removal should be granted, *Camarena* instructs that this Court's jurisdiction to stay removal is not barred by § 1252(g) when a petitioner is solely challenging "ICE's legal authority to exercise its discretion, not the exercise of discretion itself." 2019 U.S. App. LEXIS 28724, at *9-10. The facts of this case are no different from those in *Camarena*. Petitioner has resided in this country for an extended period of time with his immediate family, who are lawfully in this country, and has applied to regularize his unlawful presence using regulations promulgated by DHS. *See* 81 Fed. Reg. 50244. A government agency

is not free to disregard its own regulations. *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265, 268 (1954)).

The merits of *Camarena* remain pending before the Eleventh Circuit. Accordingly, this case and Petitioner's removal should be stayed pending the Eleventh Circuit's decision in *Camarena v. Director*, No. 19-13446 (11th Cir. 2019). Within seven days of a decision in that case, the Parties shall file a notice with the Court and this matter will be reopened.

### V. Petitioner's Request for Release from Custody or a Reasonable Bond

Petitioner requests that the Court enter a judgment holding that Petitioner's continued detention is unlawful, ordering Petitioner released from custody, or in the alternative, set a reasonable bond pending resolution of Petitioner's provisional unlawful waiver process. [ECF No. 14 at 13]. Petitioner did not request this relief in his Petition [ECF No. 1], nor did he request this relief in his Emergency Motion [ECF No. 4]. Further, Petitioner provides no argument in support of Petitioner's release from custody, nor does he provide any argument in support of his request for a reasonable bond. Because Petitioner has not provided any basis for his request, nor legal framework in support, the Court cannot make a sound judgment and rule on Petitioner's request. Therefore, Petitioner's request for release or bond should be denied without prejudice.

### VI. Petitioner's Request for Attorney's Fees

Petitioner also requests that the Court issue an order providing an award of attorney's fees and costs pursuant to 28 U.S.C. § 2412. [ECF No. 1 at 8]. Title 28 U.S.C. § 2412(d)(1)(B), provides that:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other

11

expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. 2412(d)(1)(B).

Pursuant § 2412(d)(1)(B), Petitioner's request for attorney's fees is premature as there has been no final judgment. Therefore, at this juncture, the Court cannot award attorney's fees.

### IV. Recommendations

Based on the foregoing, it is **RECOMMENDED** that this case and Petitioner's removal be **STAYED** pending the Eleventh Circuit's decision in *Camarena v. Director*, No. 19-13446 (11th Cir. 2019). Within seven days of a decision in that case, the Parties shall file a notice with the Court and this matter will be reopened. It is further **RECOMMENDED** that this case be administratively closed.

A party shall serve and file written objections, if any, to this Report and Recommendation with the District Judge within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**SIGNED** this 3rd day of December, 2020.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:	U.S. District Judge Aileen M. Cannon; and

All Counsel of Record

13